In the United States District Court
Eastern District of Missouri
Eastern District

| | | |
|---|---|---|
| Latonia Mann, | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) ) | |
| Missouri Home Therapy, LLC, | ) ) | Cause No. |
| Serve: Dionneshae Forland<br>    9191 West Florissant Ave., Ste 200<br>    St. Louis, Missouri 63136 | ) ) ) ) | |
|     Defendant. | ) | |

**Complaint**
**Discrimination under the Americans with Disabilities Act**

COMES NOW Plaintiff. Latonia Mann, by and through counsel, and for her cause of action against Defendant Missouri Home Therapy, LLC, states and alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises under the Americans with Disabilities Act, 42 U.S.C. §12101 et. seq., as amended ("ADA"). Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1343.

2. Venue is proper because the unlawful acts alleged in this Complaint were committed within the jurisdiction of the United States District Court, Eastern District of Missouri, Eastern Division.

**Parties**

3. Plaintiff Latonia Mann is a female citizen of the United States and the State of

1

Missouri.  She is a resident of the Eastern District of Missouri.

4. Defendant is a limited liability company who, at all relevant times, was authorized to do business within the Eastern District of Missouri.

5. At all material times to this action, Defendant engaged in an industry affecting commerce.  Defendant has employed twenty (20) or more employees for each working day of twenty or more calendar weeks.  Defendant is therefore "an employer" within the meaning of the ADA.

### Administrative Procedures

6. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about January 15, 2015.

7. Thereafter, Plaintiff received a "Notice of Right to Sue" from the EEOC on or about April 2, 2018, and she has initiated this action within ninety (90) days of receipt thereof.

### Facts Common To All Counts

8.  Defendant holds itself out to the public as an equal opportunity employer committed to the letter and spirit of all laws and regulations that govern the workplace.

9.  Defendant provided training and guidance to its managers regarding compliance with anti-discrimination laws and regulations.

10.  Defendant investigated Plaintiff's Charge of Discrimination and provided a position statement to the EEOC.

11.  Defendant stated to the EEOC that its investigation of Plaintiff's Charge of

Discrimination revealed no illegal employment discrimination.

12.  Defendant contends that Plaintiff's discharge was because she was using an illegal drug, heroin.

13.  Plaintiff disputes the stated reason for her discharge as she was not currently using illegal drugs at the time of her discharge.

14.  In September 2014, prior to her discharge, Plaintiff was in a qualified, supervised rehabilitation program under a doctor's care with a prescription for methadone.

15.  Plaintiff told her supervisors in a meeting on September 25, 2014, that she was in a qualified, supervised rehabilitation program under a doctor's care with a prescription for methadone, and that she was not currently using any illegal drugs.

16.  Defendant fired Plaintiff on September 25, 2014.

### Count I - ADA - Discharge

17.  Plaintiff incorporates by reference paragraph numbers three through sixteen.

18.  Plaintiff is a qualified individual with a disability because she was in a supervised rehabilitation program under a doctor's care with a prescription for methadone, and she was not currently using any illegal drugs.

19. In the meeting on September 25, 2014, Plaintiff was told by the owners of the company, the Neals, that she tested positive for opiates because methadone was heroin. Plaintiff explained to them that methadone was prescribed to her by her doctor in her

treatment program.

20.  Tests for illegal use of drugs sometime reveal the presence of lawfully-used drugs.  Plaintiff tried to explain this to her supervisors.  Defendant erroneously "regarded" or "perceived" her to be an addict currently using drugs illegally when a drug test revealed the presence of a lawfully prescribed drug.

21. Defendant discharged Plaintiff because of her perceived disability.

22.  Defendant discharged Plaintiff because of her participation in a supervised rehabilitation program, and the company's perception of her as disabled as result of that participation.

23.  In the discharge meeting, Defendant made no claim that any of Plaintiff's work performance was unsatisfactory in any way.

24.  Defendant is an employer within the meaning of the ADA.

25.  Plaintiff is a qualified individual with a disability within the meaning of the ADA.

26.  Defendant had a record of Plaintiff's disability due to her participation in a supervised rehabilitation program that she reported to Defendant before her discharge.

27.  Defendant knew of Plaintiff's actual disability and/or it perceived or regarded Plaintiff as disabled because of her participation in a supervised rehabilitation program.

28.  Defendant fired Plaintiff because of her perceived disability or because it regarded her as disabled.

29. Defendant's conduct was and is in violation of the ADA.

30. Plaintiff further alleges that the Defendant's conduct as herein alleged has caused Plaintiff to lose wages and other benefits of employment and to suffer embarrassment, humiliation, loss of professional reputation, physical and emotional distress.

31. Defendant's conduct was taken with reckless indifference to the protected rights of Plaintiff.

WHEREFORE, on Count I, Plaintiff requests a jury trial and that this Court enter judgment in her favor and against Defendant declaring that Defendant has engaged in unlawful employment practices with respect to Plaintiff by firing Plaintiff; that Plaintiff be compensated for all losses and damages suffered as a result of Defendant's conduct, including, but not limited to, compensatory and punitive damages, past and future lost income, past and future lost retirement income, and other financial benefits of employment; that Plaintiff be reinstated to a comparable position, or in the alternative, be awarded front pay for a period of five years; that Plaintiff be awarded  prejudgment interest on lost wages and benefits of employment; that Plaintiff be awarded a tax component to compensate her and offset the effect of a lump sum payment in one taxable year caused by Defendants' discriminatory treatment of Plaintiff; that Defendant be enjoined from engaging in the unlawful employment practices complained of herein; and that Plaintiff be awarded attorney's fees and costs reasonably expended on this case and

further relief as this Court deems appropriate under the circumstances.

                              Respectfully submitted,

                              Ghio Law Firm LLC

By: _____
Matthew J. Ghio         #MO44799
3115 S. Grand Blvd., Suite 100
St. Louis, Missouri  63101
(314) 707-5853
(314) 732-1404 (fax)
Attorneys for Plaintiff
matt@ghioemploymentlaw.com