UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| LATONIA MANN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Case No. 4:18-CV-01046-NCC |
| v. | ) | |
| | ) | |
| MISSOURI HOME THERAPY, LLC, and | ) | |
| MISSOURI IN HOME SERVICES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Missouri Home Therapy, LLC's ("Missouri Home Therapy") Motion to Dismiss.[1] (Doc. 5.) For the following reasons, Defendant Missouri Home Therapy's Motion to Dismiss will be **DENIED, as moot.** Defendant must file a response to the first Amended Complaint within seven (7) days.

### I. Background

Plaintiff filed her initial Complaint in this Court on June 27, 2018. (Doc. 1.) In that Complaint, Plaintiff named Defendant Missouri Home Therapy, LLC only. (*Id.*) On July 17, 2018, before Missouri Home Therapy filed any responsive pleading, Plaintiff filed her First Amended Complaint. (Doc. 3.) In that First Amended Complaint, Plaintiff added a second Defendant, Missouri In Home Services, LLC ("Missouri In Home Services"). (Doc. 3.)

Counsel Christopher B. Bent formally entered his appearance on behalf of Missouri Home Therapy only on August 27, 2018. (Doc. 4.) Defendant filed the current Motion and

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 10.)

Memorandum in Support on behalf of Missouri Home Therapy that same day. (Docs. 5, 6.) Plaintiff filed a memorandum in opposition on September 5, 2018 (Doc. 8), and Defendant filed a reply on September 12, 2018 (Doc. 9).

**II. Analysis**

Plaintiff timely filed her First Amended Complaint as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(A). The First Amended Complaint supersedes the original Complaint and renders it without legal effect. *See Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1140 (8th Cir. 2014).

Therefore, Defendant Missouri Home Therapy needed to respond to the First Amended Complaint. However, Defendant did not do so. Instead, Defendant moved to dismiss the original Complaint. Even though Defendant Missouri Home Therapy filed its Motion and accompanying Memorandum in Support after the First Amended Complaint, they both pertain to the original Complaint. For example, Defendant cites to the original Complaint ("ECF No. 1") no fewer than six times throughout the Memorandum in Support, but never cites to the First Amended Complaint. (Doc. 6 at 4, 5, 8.) In addition, Defendant states in its Motion that "it would be an exercise in futility for Plaintiff to amend her complaint" (Doc. 5 at 14), even though the complaint had already been amended. The Motion, entitled "Missouri Home Therapy's Motion to Dismiss," was made on behalf of the only Defendant named in the original Complaint. (Doc. 5.) Moreover, both the Motion to Dismiss and Memorandum in Support include the caption (naming Defendant Missouri Home Therapy only) from the original Complaint instead of the updated caption from the First Amended Complaint. (Docs. 5, 6.) While this, alone, may not be enough to suggest the Motion was directed to the original Complaint, it lends further

support to the conclusion that Defendant Missouri Home Therapy responded to the original Complaint.[2]

When an amended complaint is filed, motions pertaining to the original Complaint should be denied as moot. *See Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002). *See also Phoenix Entm't Partners, LLC v. Ryco Enters., LLC*, 306 F. Supp. 3d 1121, 1123 n.1 (E.D. Mo. 2018) (motion to dismiss rendered moot by filing of an amended complaint). Even though Defendant Missouri Home Therapy filed its Motion after the First Amended Complaint, Defendant moved to dismiss the original Complaint. Therefore, the Motion to Dismiss (Doc. 5) is denied as moot.

To date, Defendant Missouri Home Therapy has submitted no proper response to the First Amended Complaint. After Plaintiff filed a memorandum in opposition (Doc. 8),[3] Defendant filed a reply (Doc. 9). In that reply, Defendant revised the caption to be consistent with the First Amended Complaint, filed the reply on behalf of both named Defendants even though the initial Motion was made on behalf of Missouri Home Therapy only,[4] and mentioned the "amended

---

[2] At the end of the Memorandum in Support, Defendant states: "Plaintiff fails to state a claim upon which relief can be granted in his [sic] IX Count Second Amended Complain [sic.]." (Doc. 6 at 10.) Because this case involves a female Plaintiff, includes only one count, and there is no second amended complaint, the Court assumes this was a typographical error.

[3] Plaintiff titled her memorandum in opposition as a "Motion For Continuance To Conduct Discovery Under Rule 56(d) And Memorandum in Opposition to Defendant's Motion to Dismiss." (Doc. 8.) The Court does not consider this to be a properly submitted motion under the Federal Rules of Civil Procedure, but, in any event, it is moot. Moreover, Local Rule 4.01(B) requires that a memorandum in opposition be filed within 7 days after being served with the motion. Plaintiff's memorandum in opposition was untimely, as it was due on September 3, 2018, but was not filed until September 5, 2018. Plaintiff should have moved for leave to file her response out of time, but again, this issue is now moot.

[4] As of the date of the Reply, September 12, 2018, counsel had not entered formal appearance on behalf of Defendant Missouri In Home Services, nor was there any evidence of formal service on Missouri In Home Services in the court file. On October 5, 2018, counsel Christopher B.

-3-

complaint" at one point. (Doc. 4. at 4.) While it appears that Defendant attempted to address the First Amended Complaint for the first time in its reply, it is procedurally improper to respond to a pleading with a reply. Instead, the rules contemplate a properly submitted answer or motion. *See* Fed. R. Civ. P. 12(a), (b); *see also Green v. Missouri*, 734 F. Supp. 2d 814, 848 (E.D. Mo. 2010) ("As a general rule, courts will not consider arguments raised for the first time in a reply") (citing *Barham v. Reliance Standard Life Ins. Co.,* 441 F.3d 581, 584 (8th Cir. 2006)).

Missouri Home Therapy's response to the First Amended Complaint was due on August 27, 2018. *See* Fed. R. Civ. P. 15(a)(3).[5] In light of the denial of the Motion to Dismiss as moot, and in the interests of justice, Defendant must file a response to the First Amended Complaint within seven (7) days.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Missouri Home Therapy, LLC's ("Missouri Home Therapy") Motion to Dismiss (Doc. 5) is **DENIED, as moot.**

**IT IS FURTHER ORDERED** that Defendant Missouri Home Therapy, LLC, shall have until October 16, 2018, to respond to Plaintiff's First Amended Complaint.

Dated this 9th day of October, 2018.

---

Bent also entered an appearance on behalf of Defendant Missouri In Home Services. (Doc. 11.)

[5] Plaintiff timely filed her First Amended Complaint on July 17, 2018. (Doc. 3.) Missouri Home Therapy's response was due within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever was later. Fed. R. Civ. P. 15(3). The original Complaint was filed on June 27, 2018. A waiver of service of the summons was filed on August 9, 2018, indicating that Missouri Home Therapy, LLC, was served (Doc. 7). This waiver indicates that Plaintiff sent the request to Defendant and that an answer or motion under Rule 12 was due 60 days from the date it was sent, June 27, 2018 (Doc. 7). Sixty days after June 27, 2018, was Sunday, August 26, 2018, so Defendant's response to the original pleading was due on Monday, August 27, 2018. *See* Fed. R. Civ. P. 6(a)(1)(C). Fourteen days after the First Amended Complaint was July 31, 2018. Therefore, Missouri Home Therapy's response to the First Amended Complaint was due August 27, 2018.

/s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE