UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LATONIA MANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:18-CV-01046-NCC |
| ) | |
| MISSOURI HOME THERAPY, LLC and ) | |
| MISSOURI IN HOME SERVICES, LLC, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Missouri Home Therapy, LLC and Missouri In Home Services, LLC's Motion to Dismiss (Doc. 23) and Plaintiff Latonia Mann's Motion to Conduct Discovery Pursuant to Rule 56(d) (Doc. 25). The Motions are fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 10). For the following reasons, Defendants' Motion will be **GRANTED, in part** and **DENIED, in part** and Plaintiff's Motion will be **DENIED**.

### I. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice" to defeat a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678. (citation omitted). The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). All reasonable references from the complaint must be drawn in favor of the nonmoving party. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 1999).

## II. Background

On July 17, 2018, Plaintiff Latonia Mann ("Plaintiff") filed an amended complaint against Missouri Home Therapy, LLC and Missouri In Home Services, LLC for employment discrimination pursuant to the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.* (the "ADA") (Doc. 3). The facts, in the light most favorable to Plaintiff, are as follows. Plaintiff was in a supervised rehabilitation program under a doctor's care with a prescription for methadone when she was instructed to get a drug test (*Id.* at ¶14). On September 25, 2014, Plaintiff had a meeting with "the owners of the company,"[1] Ms. Dionneshae Forland-Neal and Mr. Forland-Neal[2] (*Id.* at ¶19). They informed Plaintiff that she tested positive for

---

[1] Plaintiff does not indicate in her amended complaint which company she is referencing (*See* Doc. 3).

[2] The parties do not identify Mr. Foreland-Neal's first name.

2

opiates (*Id.*). Plaintiff explained to them that methadone was prescribed to her by her doctor in her treatment program (*Id.*). During the meeting, Ms. Forland-Neal did not claim that Plaintiff's work performance was unsatisfactory in any way (*Id.* at ¶23). On that same day, Plaintiff was terminated (*Id.* at ¶16). Plaintiff alleges that Defendants, "an employer within the meaning of the ADA," discharged her because of her participation in a supervised rehabilitation program, and their perception of her as disabled as a result of that participation (*Id.* at ¶¶22, 24).

On January 15, 2015, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against respondents Missouri Home Therapy, LLC and Dionneshae Forland-Neal for disability discrimination (Doc. 3 at ¶6). *See also* Doc. 25-4 (Charge of Discrimination).[3] The charge identified Ms. Forland-Neal and Mr. Forland-Neal as the two persons who discharged Plaintiff (Doc. 25-4). A copy of the charge was sent to Ms. Forland-Neal at the address of Missouri Home Therapy, LLC, listed as Plaintiff's employer on her claim (*Id.*). On April 2, 2018, Plaintiff received a "Notice of Right to Sue" from the EEOC (Doc. 3 at ¶7). The Notice was also sent to Ms. Forland-Neal at the address of the employer Plaintiff listed on her charge (*Id.*). Relevant to the current motion, Ms. Forland-Neal is listed as the registered agent for both Missouri In Home Services, LLC and Missouri Home Therapy LLC (Docs. 25-2, 25-3). Additionally, both Defendants have the same address and that address is the same one that Plaintiff listed on her Charge of Discrimination under Missouri Home Therapy LLC (Docs. 25-2, 25-3, 25-4).

---

[3] The Court may properly consider Plaintiff's EEOC Charge of Discrimination (Doc. 25-4) as well as Missouri In Home Services, LLC's Articles of Incorporation (Doc. 25-2) and Missouri Home Therapy, LLC's Statement of Change of Registered Agent (Doc. 25-3) submitted in support of Plaintiff's Motion for Continuance to Conduct Discovery Pursuant to Rule 56(d) because, as conceded by Defendants (Doc. 30 at 1), these matters are necessarily embraced by the pleadings or are matters of public record. *Illig v. Union Elec. Co.,* 652 F.3d 971, 976 (8th Cir. 2011).

On November 9, 2018, Defendants filed a Joint Motion to Dismiss (Doc. 23). In their Motion, Defendant allege that Plaintiff fails to state a claim upon which relief can be granted as she failed to exhaust her administrative remedies for her correct employers which Defendants allege were Kenneth Green and Brenda Mann, the consumers that hired Plaintiff to serve as their personal care attendant. In support of their Motion to Dismiss, Defendants provide Plaintiff's one-page "Employment Application for Personal Care Attendant" (Doc. 24-1). Defendant Missouri In Home Services, LCC is listed at the top of the application (*Id.*).

Plaintiff filed a Motion for Continuance to Conduct Discovery Pursuant to Rule 56(d) (Doc. 25). Plaintiff asserts that Defendants rely on materials outside the pleadings that are unavailable to Plaintiff (*Id.*). Therefore, Plaintiff requests that the Court, pursuant to Federal Rule of Civil Procedure 56(d), continue Defendants' Motion to Dismiss until discovery can be conducted (*Id.*). Alternatively, Plaintiff responds to Defendants' Motion to Dismiss and asserts that Plaintiff has an actionable claim under the ADA and satisfied the exhaustion standard (*Id.*).

On November 19, 2018, after a Rule 16 Conference, the Court entered a Case Management Order setting the discovery schedule in the case (Doc. 27).

### III. Analysis

**A. Matters Outside the Pleadings**

As a preliminary matter, the Court must determine whether Plaintiff's employment application, attached as an exhibit to Defendants' memorandum in support of its motion, may be properly considered in resolving this motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). In reviewing a motion to dismiss, courts must generally ignore materials outside the pleadings, *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999), but may consider "the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Illig,* 652 F.3d at 976 (quoted case omitted). "Matters

outside the pleadings" include any written evidence "in support of or in opposition to the pleading that provide[s] some substantiation for and does not merely reiterate what is said in the pleadings." *McAuley v. Federal Ins. Co.,* 500 F.3d 784, 787 (8th Cir. 2007) (quoted case omitted). The Court finds Plaintiff's employment application submitted in support of Defendants' Motion to Dismiss is a "matter outside the pleading," as Defendants concede (*See* Doc. 30 at 1-2). When a "matter outside the pleading" is presented to the Court in support of a motion to dismiss, the Court may convert the motion to a motion for summary judgment under Federal Rule of Civil Procedure 56 or it may exclude the matter and address the motion pursuant to Rule 12(b)(6). *Cf. Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (quoting Fed. R. Civ. P. 12(d)) ("If matters outside the pleadings 'are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.'"). The Court finds that it can address many of Defendants' arguments while excluding Plaintiff's employment application from its analysis and will, therefore, decline to convert the motion into a motion for summary judgment. Accordingly, as Federal Rule of Civil Procedure 56 will not apply to the current motion, Plaintiff's request to conduct discovery under Federal Rule of Civil Procedure 56(d) will be denied.

**B. Employment Status**

In their Motion to Dismiss, Defendants first assert that Plaintiff's amended complaint is deficient and fails to state a cognizable claim against Missouri Home Therapy or Missouri In Home Services, LLC because Plaintiff was never employed by either entity under the Consumer-Directed Personal Care Assistance Service Program ("the Program") (Doc. 24 at 4). Rather, Defendants argue that Missouri In Home Services, LLC is "a vendor" under the Program, not an employer, and Missouri Home Therapy, LLC is not associated with the Program (*Id.* at 1, 10).

Instead, Defendants assert, Plaintiff was employed by Kenneth Green and Brenda Mann, the consumers of the Program, who hired Plaintiff to serve as their personal care attendant (*Id.* at 1).

Broadly, the ADA protects the employment rights of disabled "employees." *Wojewski v. Rapid City Regional Hosp., Inc.,* 450 F.3d 338, 342 (8th Cir. 2006). An "employee" is defined under the ADA as an "individual employed by an employer." 42 U.S.C. § 12111(4). This is a statutory definition that has been critiqued as one "[t]hat surely qualifies as a mere nominal definition that is completely circular and explains nothing." *Clackamas Gastroenterology Assocs., P. C. v. Wells*, 538 U.S. 440, 444 (2003) (internal quotation marks omitted). The definition of "employer" is similarly unhelpful and circular; the ADA defines an "employer" as "a person engaged in an industry affecting commerce who has 15 or more employees." 42 U.S.C. § 12111(5). The Supreme Court has expanded on this definition, finding an "employer" to be "the person, or group of persons, who owns and manages the enterprise." *Clackamas*, 538 U.S. at 450. When, as is the case here, Congress uses the term "employer" without defining it, the Court shall "focus on the common-law touchstone of control" with the common-law agency doctrine providing helpful guidance. *Clackamas*, 538 U.S. at 448-49. In so doing, the Court looks at the totality of the circumstances and applies a multi-factor test[4] in which no single factor

---

[4] Plaintiff asserts that courts utilize a joint employer theory in situations, such as this one, where the entity is unrelated to the employer-in-fact. In support of her assertion, Plaintiff cites to the hybrid test of the Tenth Circuit in which the common-law agency factors include additional factors to address the economic realities of the relationship between the entity and the worker. *See Sizova v. Nat. Inst. of Standards & Tech.,* 282 F.3d 1320, 1328 (10th Cir. 2002). The Eighth Circuit has not squarely addressed the issue but appears to adopt the common-law agency test in determining whether an employment relationship exists. *See, e.g., Birchem v. Knights of Columbus,* 116 F.3d 310, 312 (8th Cir. 1997) (applying the common law of agency test to determine "employee" status). However, this complex, and hotly contested, issue was not fully addressed by the parties in their briefing and, therefore, the Court has included the law here that is relevant to addressing the current motions and declines to adopt a position at this stage of the litigation. *See* Mitchell H. Rubinstein, *Employees, Employers, and Quasi-Employers: An Analysis of Employees and Employers who Operate in the Borderland Between an Employer-and-Employee Relationship,* 14 U. Pa. J. Bus. L. 605 (Spring 2012).

is controlling. *Id.* (applying a six-factor non-exhaustive test to the inquiry whether a shareholder-director was an employee or an employer).

Here, the Court is faced with a statutory scheme that purports to exclude an entire class of organizations, of which Defendants argue Missouri Home Therapy, LLC is a part. The statutory scheme in question, the Consumer-Directed Personal Care Assistance Services Program, is a statutory program developed by the State of Missouri and funded by the federal government via Medicaid to afford individuals with physical disabilities the opportunity to hire their own personal care attendant. The Program is governed by Missouri Revised Statute sections 208-900 - .930. Under this statutory framework, "vendors" are responsible for "monitoring and oversight of personal care attendants, orientation, and training of the consumer, as well as fiscal conduit services necessary for delivery of personal care assistance services to consumers." Mo. Rev. Stat. §208.900(10). *See also Degraffenreid v. State Bd. Of Mediation*, 379 S.W. 3d 171, 175 (Mo. App. 2012) ("The vendors are those privately owned businesses around the state in various locations who serve the Program in various ways, including, among other things, recruiting and screening applicants, handling the payroll work for the care attendants, and performing other administrative work related to the care attendants and the consumers."). "Vendors that receive payment under the 'consumer-directed services program' do not necessarily have an employer-employee relationship with personal care attendant. . . . Referring to personal care attendants as 'employees' of the vendor is inaccurate and misleading." *Protect Consumers' Access to Quality Home Care Coalition, LLC v. Kander,* 488 S.W. 3d 665,672 (Mo. App. 2015). Instead, "consumers," as beneficiaries of the Program, are statutorily responsible for hiring, training, supervising, and directing a personal care attendant such as Plaintiff in this case. Mo. Rev. Stat. § 208.900(2). The statutory framework and associated regulations explicitly state that personal care attendants are not employees of the "vendor." *See* Mo. Rev. Stat. § 208.903 ("Nothing in

7

this section shall be construed to mean that the attendant is the employee of the vendor . . ."); Mo. Code Regs. Tit. 19, § 15-8.400 ("The attendant is an employee of the consumer only for the time period subsidized with CDS funds, but is never the employee of the vendor . . . .").

The Court finds that while the statutory and regulatory scheme is informative, it is not conclusive. The Court is hesitant to determine whether Defendants are employers under the ADA without additional information regarding both (1) the direction and control of Missouri Home Therapy, LLC or Missouri In Home Services, LCC over the employment relationship and (2) the relationship between the entities. Such a review of the entirety of the circumstances is a fact-intensive analysis and, at this stage, the Court is unable to review matters outside the pleadings. *Clackamas*, 538 U.S. at 448-49. The Court is additionally mindful of the clear directive from the Eighth Circuit Court of Appeals' that the Court review the purpose of the ADA in making such a determination. Specifically, the Eighth Circuit notes, "Congress declared its interest in passing the ADA was to provide a clear and comprehensive national mandate with clear, *strong, consistent*, and *enforceable* standards to address the serious and pervasive social problem of disability-based discrimination on a case-by-case basis." *Guenther v. Griffin Constr. Co., Inc.*, 846 F.3d 979, 983 (8th Cir. 2017) (emphasis in original) (internal quotation marks omitted) (citing 42 U.S.C. § 12101(a)(2), (b)(1)-(2)). Therefore, the Court finds that any determination regarding the status of Missouri Home Therapy, LLC or Missouri In Home Services, LLC as Plaintiff's employer is premature.

Regardless, the Court finds that the amended complaint is deficient as a matter of law because Plaintiff fails to properly allege an employment relationship. Instead, Plaintiff merely states, "Defendants are an employer within the meaning of the ADA" (Doc. 3 at ¶24). Therefore, the Court cannot find, even in the light most favorable to Plaintiff, that she has sufficiently alleged a violation of the ADA as she fails to state even basic facts regarding her employment.

Accordingly, the Court will grant Defendants' Motion to Dismiss as to this narrow issue and direct Plaintiff to file an second amended complaint to address these deficiencies.

**C. Exhaustion**

Next, Defendants argue that Plaintiff failed to exhaust her administrative remedies as to Missouri In Home Services, LLC as well as Kenneth Green and Brenda Mann (Doc. 24 at 7). On January 15, 2015, Plaintiff filed a charge of discrimination with the EEOC against respondents Missouri Home Therapy, LLC and Dionneshae Forland-Neal for disability discrimination (Doc. 3 at ¶6). *See also* Doc. 25-4 (Charge of Discrimination). The charge identified Ms. Forland-Neal and Mr. Forland-Neal as the two persons who discharged Plaintiff (Doc. 25-4). Both Plaintiff's Charge and Notice of Right to Sue letter were sent to Ms. Forland-Neal at the address of Missouri Home Therapy, LLC, listed as Plaintiff's employer on her claim (*Id.*; Doc. 3 ¶7). Ms. Forland-Neal is listed as the registered agent for both Missouri In Home Services, LLC and Missouri Home Therapy LLC (Docs. 25-2, 25-3). Both Defendants list the same address on their materials before the Missouri Secretary of State that Plaintiff listed on her Charge of Discrimination under Missouri Home Therapy LLC (Docs. 25-2, 25-3, 25-4). As a preliminary matter, Mann and Green are not parties to this action and, therefore, argument regarding whether any potential claims against them would be properly exhausted is premature.

An EEOC charge must be filed within 180 days of the alleged ADA violation, and notice of the charge must be served on the person against whom the charge is made within 10 days of the filing. 42 U.S.C. § 2000e-5; 42 U.S.C. § 12117. "The purpose of filing a charge with the EEOC is to provide the Commission an opportunity to investigate and attempt a resolution of the controversy through conciliation before permitting the aggrieved party to pursue a lawsuit." *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988). For this reason, the general rule has been that "a complainant must file a charge against a party with the EEOC before she can sue that

9

party under [the ADA]." *Sedlacek v. Hach*, 752 F.2d 333, 336 (8th Cir. 1985). The Eighth Circuit has recognized only two exceptions to this general rule: if the unnamed party shares a "substantial identity" with those actually named in the charge or where the unnamed party can be said to have had sufficient or constructive notice of the charge and an opportunity to participate in any conciliation proceedings. S*ee, e.g., id.; Henry v. E.G. & G. Missouri Metals Shaping Co.*, 837 F. Supp. 312, 313 (E.D. Mo. 1993); *Greenwood v. Ross*, 778 F.2d 448, 451 (8th Cir. 1985); *Boyd v. BJC Health System*, 4:17CV814 RLW, 2018 WL 620484, at *5 (E.D. Mo. Jan. 29, 2018). Both of these exceptions ensure that the purposes of the ADA are not frustrated by a procedural technicality when there have been substantively adequate EEOC proceedings.

The Court finds there to be a "substantial identity" between Missouri In Home Services, LLC and Missouri In Home Services, LLC such that Plaintiff properly exhausted his administrative remedies as to Missouri In Home Services, LLC. Both entities have the same registered agent and are located at the same address. Plaintiff, likely *pro se* at the time, need not have probed into the "intricate legal corporate relationship" between the two interrelated defendant entities prior to filing her Charge of Discrimination. *Sedlacek*, 752 F.2d at 336. The Court also finds that Missouri In Home Services, LLC had constructive notice of the charge and an opportunity to participate in the proceedings as Ms. Forland-Neal, the registered agent for both entities, received notice of the charge. Therefore, the Court will deny Defendants' Motion as to this point.

**D. ADA Claim**

Finally, Defendants assert that Plaintiff fails to demonstrate that she was a qualified individual with a disability (Doc. 24 at 8). Specifically, Defendants argue that Plaintiff is not disabled within the meaning of the ADA because she tested positive for the concurrent use of illegal drugs which is the exclusive reason for termination (Doc. 24 at 8).

10

"To establish a claim under the ADA, a plaintiff must show (1) that she is disabled within the meaning of the Act; (2) that she is qualified to perform the essential functions of the job either with or without accommodation; and (3) that she has suffered adverse employment action because of the disability." *Fjellestad v. Pizza Hut of Am., Inc.*, 188 F.3d 944, 948 (8th Cir. 1999). The threshold question in a disability discrimination case is whether the plaintiff is "disabled" within the meaning of the ADA. *Heisler v. Metropolitan Council*, 339 F.3d 622, 627 (8th Cir. 2003). A plaintiff therefore "must first make a facial showing that [s]he has an ADA disability." *Fenney v. Dakota, Minnesota & Eastern R. Co.*, 327 F.3d 707, 712 (8th Cir. 2003). *See also Brunko v. Mercy Hosp.*, 260 F.3d 939, 942 (8th Cir. 2001) ("Because [plaintiff] has not met the first element of actual or perceived disability of a prima facie case under the ADA, she is not entitled to protection under the ADA."). The term "disability" is defined as: "(A) a physical or mental impairment that substantially limits one of more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment[.]" 42 U.S.C. § 12102(2)(A)-(C). "[M]ajor life activities include but are not limited to "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). Though broad, the ADA's definition of disability is not unlimited. Indeed, EEOC regulations specify that "not every impairment will constitute a disability within the meaning of [the ADA and its regulations]." 29 C.F.R. § 1630.2(j)(1)(ii).

The Court finds that, in the light most favorable to Plaintiff, she has sufficiently alleged that she has a "disability" as defined under the ADA. Plaintiff indicates that she was in a supervised rehabilitation program under a doctor's care with a prescription for methadone at the time of her discharge (Doc. 3 at ¶¶14, 19). While the ADA does not afford protections for

individuals using illegal drugs, it does offer protection to those, like Plaintiff, who are seeking drug rehabilitation. 42 U.S.C. § 12114(a), (b)(2). Further, Plaintiff sufficiently alleges that she was terminated because of her disability as she alleges that Defendants discharged her because of her participation in a supervised rehabilitation program, and their perception of her as disabled as a result of that participation (*Id.* at ¶22). *Scruggs v. Pulaski Cnty., Ark.*, 817 F.3d 1087, 1092 (8th Cir. 2016) (internal quotation marks omitted) (The ADA prohibits discrimination against a "qualified individual with a disability because of the disability."). Therefore, the Court will deny Defendants' Motion as to this issue.

## IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Latonia Mann's Motion to Conduct Discovery Pursuant to Rule 56(d) (Doc. 25) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants Missouri Home Therapy, LLC and Missouri In Home Services, LLC's Motion to Dismiss (Doc. 23) is **GRANTED, in part** and **DENIED, in part**. Plaintiff Latonia Mann shall file an amended complaint in accordance with this Order within fourteen (14) days. Nothing in this Order alters the Case Management Order previously entered in this case. All other deadlines set forth in that Case Management Order remain in full force and effect.

Dated this 4th day of June, 2019.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE