UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LATONIA MANN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:18-CV-01046-NCC |
| | ) |
| MISSOURI IN HOME SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Missouri In Home Services, LLC's ("Defendant") "Motion for Sanctions for Plaintiff's Failure to Appear at Deposition" (Doc. 42). The motion is fully briefed and ready for disposition. For the following reasons, Defendant's Motion will be **GRANTED, in part** and **DENIED, in part**.

### I. Background

On June 18, 2019, Plaintiff Latonia Mann ("Plaintiff") filed her second amended complaint against Missouri In Home Services, LLC for employment discrimination pursuant to the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.* (the "ADA") (Doc. 33). Plaintiff alleges that she was wrongly terminated as a result of a positive drug test notwithstanding her participation a supervised rehabilitation program under a doctor's care with a prescription for methadone (*Id.*).

The following procedural history is relevant to the current motion. Shortly after Plaintiff's initial complaint was filed on June 27, 2018, a deputy clerk of this Court attempted to contact Plaintiff's counsel by phone on several occasions but received a busy tone each time. Ultimately, the deputy clerk sent counsel an email to address a ministerial issue. Plaintiff's counsel subsequently failed to appear as ordered for the Rule 16 Conference in this matter on

November 19, 2018 (Doc. 26). Despite counsel's non-appearance, that same day the Court entered a Case Management Order in this matter (Doc. 27). On September 11, 2019, Defendant filed a Motion to Compel Discovery and for Sanctions indicating that Plaintiff's counsel had not provided answers to Defendant's interrogatories and requests for production (Doc. 38). Defendant further indicated that Plaintiff's counsel stated that he was unable to reach his client (*Id.*). On September 17, 2019, Plaintiff's counsel responded to the Motion and indicated that he was "finally able to reach Plaintiff last Friday" and that Plaintiff had fully responded to Defendant's Interrogatories and Document Requests (Doc. 39). Counsel further noted that the parties had rescheduled Plaintiff's deposition for September 30, 2019 (*Id.*). On September 17, 2019, defense counsel served a Second Amended Notice of Deposition on Plaintiff's counsel setting Plaintiff's deposition for September 30, 2019, at 9:30 a.m. (Doc. 42-1).

On October 1, 2019, Defendant filed the current Motion in which Defendant indicates that neither Plaintiff nor her counsel appeared at her deposition scheduled for September 30, 2019 (Doc. 42). Defendant further asserts that both defense counsel and his staff attempted to call Plaintiff's counsel but that no one answered the phone and counsel's voicemail was full (*Id.*). Defendant notes that defense counsel did not receive any communication from Plaintiff's counsel regarding counsel's unavailability (*Id.*). Defendant requests an order dismissing Plaintiff's Second Amended Complaint and directing Plaintiff to pay reasonable attorney's fees and costs associated with preparing the instant motion (*Id.*). Alternatively, Defendant seeks an order directing Plaintiff to appear for her deposition on or before October 15, 2019 in addition to his request for attorney's fees and costs (*Id.*).

On October 4, 2019, the Court directed Plaintiff to respond to Defendant's motion on or before October 8, 2019 (Doc. 44). The Court further directed Plaintiff's counsel to indicate

2

whether he has been able to discuss the serious nature of Defendant's Motion with Plaintiff (*Id.*). On October 8, 2019, Plaintiff's counsel responded to Defendant's Motion indicating that he was under the mistaken assumption that Plaintiff's deposition had been continued until defense counsel received certain medical records (Doc. 46). Plaintiff's counsel concedes that Defendant's Motion should be granted as to the appearance and transcript fees of the court reporter (*Id.*). However, Plaintiff's counsel contests the remaining requested sanctions, asserting that Defendant failed to comply with Local Rule 3.04(a) (*Id.*). Of note, the response does not indicate whether Plaintiff's counsel spoke with Plaintiff about Defendant's Motion (*Id.*).

On October 10, 2019, Defendant filed its reply in support of its Motion for Sanctions (Doc. 48). Defendant continues to seek reasonable attorney's fees and costs as well as dismissal of this action (*Id.*). Defense counsel asserts that opposing counsel "must not be rewarded for engaging in repeated discovery abuses and for failing to produce Plaintiff for deposition based on an [sic] 'mistaken assumption'" (*Id.* at 3). Defense counsel further indicates that the cost of the transcript of non-appearance is $150.00 and, without providing any support, that his attorney's fees for preparing the Motion for Sanctions, Reply, and waiting to see if opposing counsel and his client would appear at the deposition totals $2,350.00 (*Id.* at 2 n.1, 2)

## II. Analysis

Under Federal Rule of Civil Procedure 37(d)(1)(A), a court may order sanctions if a party fails, after being served with proper notice, to appear for that person's deposition. Sanctions may include dismissing the action or proceeding in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v). Instead of or in addition to the sanction, the court "must" require the attorney advising the party to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R.

Civ. P. 37(d)(3). If the violation is willful and in bad faith, then the appropriateness of dismissal as a sanction is "entrusted to the sound discretion of the district court." *Avionic Co. v. Gen. Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992).

In consideration of the procedural background and upon a full and thorough review of the current motion, the Court finds that award of attorney's fees and costs are warranted. The non-appearance was not intentional or willful such that dismissal is currently warranted. Contrary to the assertion of Plaintiff's counsel that defense counsel failed to comply with Local Rule 3.04, the Rule does not strictly apply here where the discovery matters are not in dispute. Regardless, even if Local Rule 3.04(a) applied, the Court would find that defense counsel made a reasonable effort to reach Plaintiff's counsel by phone. Pursuant to Local Rule 12.01(G), attorneys admitted to practice in this District have a "continuing duty to promptly notify the Clerk of any changes of name, business address, **telephone number**, or e-mail address" (emphasis added). It is the responsibility of Plaintiff's counsel to provide the Court and opposing counsel with a working telephone number where he may be reached. While voicemail capability is not explicitly contemplated by the rule, the repeated inability of the Court and defense counsel to reach Plaintiff's counsel via telephone merits consideration. Therefore, given the nature of the misunderstanding, the Court will award defense counsel 1) court reporter fees totaling $150.00 and 2) attorney's fees for defense counsel's time waiting for Plaintiff and her counsel to appear for her deposition. The Court finds that while the current motion is certainly meritorious, much of the underlying dispute could have been addressed, within a reasonable period of time, between counsel. The Court will thus award defense counsel only a portion of his attorney's fees for the filing of the current motion and the reply. As defense counsel has not provided the Court with any support for his fee request, the Court will direct defense counsel to submit his applicable

billing records and an associated affidavit supporting his requests for attorney's fees within seven days of the date of this Order.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Missouri In Home Services, LLC's "Motion for Sanctions for Plaintiff's Failure to Appear at Deposition" (Doc. 42) is **GRANTED, in part** and **DENIED, in part**.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall pay defense counsel $150.00 for the court reporter's non-appearance fee.

**IT IS FURTHER ORDERED** that Defendant's request for attorney's fees and costs is granted as to the time defense counsel spent waiting for Plaintiff and her counsel to appear for Plaintiff's deposition as well as for a portion of his time spent on briefing the current motion.

**IT IS FURTHER ORDERED** that defense counsel shall provide the Court with his applicable billing records and an associated affidavit supporting his requests for attorney's fees within seven (7) days of the date of this Order. The Court will issue another Order addressing the exact amount of attorney's fees Plaintiff's counsel shall provide to defense counsel.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall provide Plaintiff with a copy of this Order and file a certification of his compliance with this Order on or before **October 21, 2019**. The certification shall also indicate whether Plaintiff intends to proceed with this matter. An Amended Case Management Order will be issued upon receipt of counsel's certification.

**IT IS FURTHER ORDERED** that, if Plaintiff chooses to move forward with this action, Plaintiff shall make herself available and appear for her deposition on or before **October 25, 2019**.

**Failure to comply with this Order will result in dismissal of this action, with prejudice.**

Dated this 17th day of October, 2019.

                                                  /s/ Noelle C. Collins
                                                  NOELLE C. COLLINS
                                                  UNITED STATES MAGISTRATE JUDGE