# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LATONIA MANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:18-CV-01046-NCC |
| ) | |
| MISSOURI IN HOME SERVICES, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Affidavit of defendant counsel, Christopher Bent, in support of his request for reasonable attorney's fees (Doc. 51). On October 17, 2019, the Court granted, in part and denied, in part Defendant's Motion for Sanctions for Plaintiff's Failure to Appear at Deposition (Doc. 49). In that order, the Court partially granted Defendant's request for sanctions and indicated that Plaintiff's counsel shall pay defense counsel for the court reporter's non-appearance fee, for defense counsel's time spent waiting for Plaintiff and her counsel to appear for Plaintiff's deposition, and for a portion of defense counsel's time spent on briefing the motion for sanctions (*Id.*). The Court directed defense counsel to file his applicable billing records and an associated affidavit in support of his requests for attorney's fees (*Id.*). Defense counsel timely complied with this Court's order (Doc. 51). In his affidavit, Mr. Bent indicates that his rate is $235.00 per hour and that he billed $2,350.00 for the time he spent waiting for the deposition to commence and for briefing the motion for sanctions (*Id.* at 2). In support of his affidavit and attorney's fees request, Mr. Bent also submitted his associated billing records in which he indicates that he spent six hours drafting the motion for sanctions and related

memorandum in support, three hours drafting his reply brief, and one hour waiting for Plaintiff and counsel to appear for the deposition (*Id.* at 4).

Pursuant to Federal Rule of Civil Procedure 37, the Court determined that an award of costs and attorney's fees in this action is appropriate. The Court previously awarded the costs in the amount of $150.00 for the court reporter's non-appearance fee. Turning to the Court's award of attorney's fees, the Court also determined that defense counsel is entitled to an award of his fees for the time he spent waiting for Plaintiff and her counsel to appear at the deposition and for a portion of his time spent briefing the motion for sanctions. The Court does not take lightly the imposition of sanctions, and accepts plaintiff counsel's explanation that this was a mistake in communication and not an intentional act. The information provided by defense counsel supports an award for $235.00 for the hour he spent waiting for the deposition to commence. Upon review of the affidavit and associated billing records, the Court finds that an award of $352.50 representing 1.5 hours of work at defense counsel's hourly rate is warranted for defense counsel's briefing of the motion for sanctions. As noted in the Court's prior order, the underlying dispute could have been largely addressed between counsel. However, the motion for sanctions was meritorious as neither Plaintiff nor Plaintiff's counsel appeared for Plaintiff's deposition and Plaintiff's counsel has had some issues with communication by telephone. Thus, a reasonable award of attorney's fees as indicated is warranted. *See Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1187 (2017) ("The complaining party . . . may recover only the portion of his fees that he would not have paid but for the misconduct") (internal quotations omitted).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's counsel shall pay defense counsel **$587.50** in attorney's fees.

Dated this 8th day of November, 2019.

          /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE